UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN C. PFEIFFER, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-02760 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| AJAMIE PLLC d/b/a | § | |
| AJAMIE LLP, THOMAS | § | |
| R. AJAMIE, DONA | § | |
| SZAK, JOHN WITHERS | § | |
| CLAY V, | § | |
| Defendants. | § | |

## ORDER

The Court this day issued a memorandum and order granting a preliminary injunction. Dkt. 69. The Court filed this under seal.

As stated in the Court's procedures, a presumption exists as to public access to judicial records. "The right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" *United States v Holy Land Foundation for Relief & Devotion*, 624 F3d 685, 690 (5th Cir 2010), quoting *Littlejohn v BIC Corp.*, 851 F2d 673, 682 (3d Cir 1988).

The Fifth Circuit commits to this Court's discretion the decision whether to allow public access to court records. *Vantage Health Plan, Inc v Willis-Knighton Medical Center*, 913 F3d 443, 450 (5th Cir 2019). The dispute at hand presents concerns touching on attorney-client privilege and confidentiality. Yet courts "must balance the public's common law right of access against the

interests favoring nondisclosure." Id, quoting *Securities & Exchange Commission v Van Waeyenberghe*, 990 F2d 845, 848 (5th Cir 1993). The party seeking to seal matters "must explain in particularity the necessity for sealing . . . ." *BP Exploration & Production, Inc v Claimant ID 100246928*, 920 F3d 209, 211 (5th Cir 2019).

Per Judge Hittner, the Court previously ordered Defendant Ajamie LLP to show cause as to why Plaintiff Pfeiffer's first amended complaint should not be unsealed. Dkt 46 at 4. In line with this order, and having considered the applicable law, the Court finds that a redacted version of Docket 69 should be filed on the public record, if possible.

The Court ORDERS that, on or before Wednesday, December 4, Ajamie LLP must submit for consideration proposed redactions to the Court's sealed memorandum and order at Docket 69.

The Court further ORDERS that Ajamie LLP may, by motion filed with any redactions, also bring argument and reasons establishing why the memorandum and order should remain under seal entirely. But any such motion must include proposed redactions for consideration should the Court deny the motion.

Pfeiffer may, but need not, respond within two days. The Court intends to rule promptly.

It is so ORDERED.

Signed on November 25, 2019 at Houston, Texas.

Hon. Charles Eskridge
United States District Judge