United States District Court
Southern District of Texas
**ENTERED**
September 10, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN C. PFEIFFER, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-02760 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| AJAMIE PLLC d/b/a | § | |
| AJAMIE LLP, THOMAS | § | |
| R. AJAMIE, DONA | § | |
| SZAK, JOHN WITHERS | § | |
| CLAY V, | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION DENYING
## MOTIONS TO AMEND AND MOTIONS TO DISMISS

Before the Court are several motions by Plaintiff Justin C. Pfeiffer. Dkts 71, 99, 108, 109, 114. All are denied.

The Court also addresses the motion to dismiss brought by Defendants Ajamie LLP and Thomas R. Ajamie. Dkt 82.

1. Background

Pfeiffer brought suit in July 2019 against his former employer Ajamie LLP and its name partner, Thomas Ajamie. Broadly speaking, his action pertains to alleged retaliation for reporting international corruption. He also originally sued several other Ajamie LLP personnel—partners Dona Szak and John Withers, along with office manager Mary Seynaeve. Pfeiffer has since dismissed each of them, leaving only Ajamie LLP and Ajamie himself as defendants.

This Court entered a preliminary injunction on November 25, 2019. Dkt 69. That order was filed under seal, but a redacted version has recently been docketed on the public record. See Dkt 69-1. The background of this matter is described there in detail

and involves confidential documents and information of Ajamie LLP.

With respect to such documents and information, the preliminary injunction generally required Pfeiffer to take certain action immediately upon entry of the order and to take other action by December 4, 2019. Pfeiffer has taken appeal of the preliminary injunction and other orders on an interlocutory basis to the Fifth Circuit. See Dkt 89 (notice of appeal); Dkt 104 (amended notice of appeal). The parties' briefing on appeal is closed and awaiting argument and decision. See *Justin Pfeiffer v Ajamie, PLLC, et al*, Case No 19-20827 (5th Cir).

The motions referenced above remain pending. The parties were ordered to file a joint status report addressing, among other issues, whether any of these pending motions may be mooted by agreement of the parties. See Minute Entry, June 8, 2020. The parties were unable to come to any agreement. Dkt 156 at 5.

These motions were previously held in abeyance at the request of the parties following a hearing in January of this year, so that they could attempt mediation. See Dkt 137 at 3 (January 28, 2020 Sealed Minute Entry Order). The parties have attempted resolution of their dispute by mediation on several occasions. For example, see Minute Entry, October 18, 2019; Minute Entry, June 12, 2020; Minute Entry, July 31, 2020. The Magistrate Judge will further attempt mediated resolution later this month. Dkt 156 at 14.

This case will no longer languish on the docket. The Court intends to now move the action forward, beginning with resolution of these motions.

2. Motions by Pfeiffer to voluntarily dismiss his federal causes of action

Pfeiffer seeks to voluntarily dismiss his first, second, third, and fourth causes of action pursuant to the amendment procedure in Federal Rule of Civil Procedure 15(a)(2). See Dkt 99 (third cause of action for Title VII retaliation); Dkt 108 (fourth cause of action for declaratory judgment); Dkt 109 (first and second causes of action for violations of the Racketeer Influenced and Corrupt Organizations Act). These are all federal

claims. This would leave five causes of action under state law centered on Ajamie's termination of Pfeiffer's employment.

These motions followed quickly on the heels of the preliminary injunction entered on November 25, 2019. Dkt 69. Before entry of that preliminary injunction, Pfeiffer was content to be in federal court. He filed his action in the Southern District of Texas and amended his complaint twice, both times asserting federal claims. See Dkts 7, 67. After entry of that preliminary injunction, Pfeiffer has sought to evade this Court's jurisdiction on numerous occasions.

For instance, Pfeiffer has several times tried to dismiss all or aspects of his case without an order of this Court. One day after entry of the preliminary injunction, he sought to voluntarily dismiss his federal causes of action. Dkt 72. This was denied as ineffective under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure because it only sought to dismiss certain claims, not the entire action. Dkt 81. One week after entry of the preliminary injunction, Pfeiffer filed a voluntary dismissal of his state-law causes of action, followed by a voluntary dismissal of his entire action. See Dkts 85, 87. Both were denied as ineffective under Rule 41(a)(1)(A)(i) because Ajamie LLP and Ajamie had by then filed their answers. Dkt 135. That same day Pfeiffer also attempted to withdraw his second amended complaint pursuant to Rule 15(a)(1)(A). Dkt 86. This was denied as ineffective under Rule 15(a)(2) because Pfeiffer had obtained neither Defendants' written consent nor the Court's leave to do so. Dkt 135.

Pfeiffer again seeks to dismiss his federal causes of action, this time through the expedience of an amendment of his complaint under Rule 15(a)(2). Ajamie LLP and Ajamie haven't consented to this. And so Pfeiffer's request requires leave of court, which the rule says should be freely given "when justice so requires." The Fifth Circuit holds that a court may deny leave to amend "for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States v Cardinal Health, Inc*, 625 F3d 262, 270 (5th Cir 2010). A motion to amend pleadings or to dismiss an action is properly denied when the movant's intent is to avoid an

3

actual or impending adverse ruling or to seek a more favorable forum. See *Bouie v Equistar Chemicals LP*, 188 F Appx 233, 239 (5th Cir 2006) (unpublished); see also *King v Select Portfolio Servicing Inc*, 2019 WL 2080293, *3 (ED Tex), report and recommendation adopted, 2019 WL 1951455 (ED Tex).

The motive here is an attempt to evade this Court's jurisdiction in hopes of a more favorable forum in state court. Indeed, when originally seeking to dismiss his federal claims the day after entry of the preliminary injunction, Pfeiffer was quite express about this in *ex parte* emails to the Court's case manager. The Court directed that those emails be filed on the docket. For example, see Dkt 73 (email stating, "I will voluntarily dismiss the federal claims and deprive the Court of jurisdiction"); Dkt 75 (email stating, "I just took away the Court's jurisdiction by filing a voluntary dismissal of federal claims so there will be nothing further on this matter").

Pfeiffer doesn't specify whether he seeks dismissal with or without prejudice as to his causes of action for Title VII retaliation and declaratory judgment. But he specifically predicates his motion to dismiss his RICO causes of action as being *without prejudice*. Dkt 109 at 1. To the extent this expresses an intent to refile his RICO claims in state court, it would be shortsighted. Ajamie would simply remove again, bringing this action immediately back into federal court. Pfeiffer also specifically conditions their dismissal on permission to refile his action—including state law claims—in state court. Dkt 109 at 4. The Court declines to approach amendment under Rule 15(a)(2) as a take-it-or-leave-it bargaining session to exit and avoid the continuing jurisdiction of the federal courts. Beyond this, Pfeiffer fails to make a sufficient showing of either a proper motive for his procedural machinations or a lack of undue prejudice to his opponents. See *Cardinal Health*, 625 F3d at 270.

Pfeiffer also refers to 28 USC § 1367(d) and a supposed predominance of state law claims over federal claims in this action. Dkt 109 at 1, 4. Until Pfeiffer determines to dismiss *with prejudice* his federal causes of action, federal questions are presented and predominate here. He may reassert argument

under 28 USC § 1367(d) at such time that the procedural posture of the case supports it.

The motions are denied. Dkts 99, 108, 109.

### 3. Motions by Pfeiffer to dismiss counterclaims against him

Pfeiffer filed a motion to dismiss Ajamie LLP's original counterclaims for breach of contract and breach of fiduciary duty and sought exemplary sanctions. Dkt 71. Ajamie LLP later filed an answer and amended counterclaims. Dkt 83. The motion by Pfeiffer is thus denied as moot. The request for sanctions is likewise denied.

Pfeiffer also responded to Ajamie LLP's answer and amended counterclaims with a motion to strike the answer and to dismiss the amended counterclaims. Dkt 114. He asserts that Ajamie LLP's counterclaims are procedurally defective because they are "standalone counterclaims," by which he means that the counterclaims aren't brought in conjunction with an answer to a complaint. But that argument focuses on Ajamie LLP's original counterclaims. True, those weren't filed concurrently with an answer. See Dkt 50. But any defect was cured when Ajamie LLP filed the answer and amended counterclaims. See Dkt 83.

Pfeiffer also argues that the counterclaims fail to state a claim under Rule 12(b)(6). The central inquiry on such motion is whether the complaint provides "the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). This is similar in many respects to the requirement on inquiry into a preliminary injunction regarding a substantial likelihood of success on the merits. See *Daniels Health Sciences, LLC v Vascular Health Sciences, LLC*, 710 F3d 579, 582 (5th Cir 2013). And the Court has already determined with entry of the preliminary injunction order that Ajamie LLP made that showing on its counterclaims for breach of contract and breach of fiduciary duty. See Dkt 69. Ajamie's counterclaims thus necessarily survive a Rule 12(b)(6) motion. Compare *Sahara Health Care, Inc v Azar*, 349 F Supp 3d 555, 579 (SD Tex 2018) (denying injunctive relief

where prior analysis of Rule 12(b)(6) motion established no substantial likelihood of success on merits).

The request to strike Ajamie LLP's answer is likewise denied. This is Pfeiffer's third motion to strike Ajamie LLP's answer. See Dkts 88, 89. Each motion points to Ajamie LLP's assertions of privilege within its answer. Pfeiffer withdrew his second motion to strike as moot. Dkt 137 at 1. The first was denied because Ajamie LLP provided answers subject to its assertion of privilege. Dkt 96. So, too, here.

Both motions are denied. Dkts 71, 114.

### 4. Motion by Ajamie LLP and Ajamie to dismiss the second amended complaint

Ajamie LLP and Ajamie filed a motion to dismiss Pfeiffer's second amended complaint for failure to state a claim under Rule 12(b)(6). Dkt 82. Pfeiffer has expressed a desire in the parties' recent joint status report to file a third amended complaint, which would moot the motion to dismiss if allowed. Dkt 156 at 2. But he suggests that amendment wouldn't be appropriate until resolution of a supposedly related foreign proceeding that involves none of the parties here before the Court, which "could take years." Id at 18.

A delay of years prior to further amendment of the complaint in this action isn't acceptable. Pfeiffer must file any motion to amend within sixty days of entry of this Order, to which Ajamie LLP and Ajamie will respond. Any such motion to amend will be determined on the papers.

The pending motion to dismiss is held in abeyance. Dkt 82.

### 5. Conclusion

The motions by Plaintiff Justin C. Pfeiffer to voluntarily dismiss his federal causes of action are DENIED. Dkts 99, 108, 109.

His motions to dismiss Defendant Ajamie LLP's counterclaims are DENIED. Dkts 71, 114.

The Court RESERVES JUDGMENT on the motion to dismiss by Defendants Ajamie LLP and Thomas R. Ajamie. Dkt 82.

Discovery remains stayed until resolution of this motion. See Dkt 137 at 2 (sealed minute entry order).

Pfeiffer must seek leave to further amend his complaint by November 9, 2020, if at all.

SO ORDERED.

Signed on September 10, 2020, at Houston, Texas.

*[signature]*
Hon. Charles Eskridge
United States District Judge